UNITED STATES, Appellee

v

LEONARD R. HILL, Airman First Class,
U. S. Air Force, Appellant

12 USCMA 9, 30 CMR 9

---

No. 14,117

Decided November 4, 1960

*Lieutenant Colonel Philip J. Williamson* argued the cause for Appellant, Accused. With him on the brief was *Colonel James L. Kilgore.*

*Lieutenant Colonel Simpson M. Woolf* argued the cause for Appellee, United States. With him on the brief was *Colonel John F. Hannigan.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The question before us is the admissibility in evidence of the result of an alcohol content test of a sample of the accused's blood.

At about 7:30, on the morning of September 14, 1959, the accused was observed driving a car on a public highway in an extremely erratic manner. As a result, he was stopped and was taken out of the car. In the opinion of a Government witness, the accused was "in a state of intoxication." Thereafter, the accused was taken to the Columbus Air Force Base Hospital where he talked to Captain R. F. Friedman, a medical doctor.

Doctor Friedman testified that while the accused was able to walk a straight line and could speak coherently there was "definite evidence of alcohol." He believed a blood test was indicated to determine the alcohol content. Captain Friedman advised the accused "of his rights" under Article 31 of the Uniform Code of Military Justice, 10 USC § 831, and the accused "gave his consent" to the taking of a sample of his blood for test purposes. The doctor could not "positively" state whether he informed the accused that he could be ordered to submit a sample of his blood, but he maintained that, if the accused was so advised, he was also told the sample "would be taken only for clinical evidence and the evidence could not be admitted against or for him in a court-

room." Doctor Friedman definitely recalled that the accused told him he "thought it would be a good idea to have . . . [the test and] that it would help him."

Defense counsel objected to admission in evidence of the result of the blood test on the ground that the sample was obtained in violation of the accused's rights under Article 31, which prohibits the admission in evidence of matter obtained from the accused by unlawful means, or without previous warning that he need not say anything. The president of the special court-martial overruled the defense objection, and evidence was admitted to the effect that the accused's blood contained 380 milligrams of alcohol per 100 cubic centimeters of blood, which Doctor Friedman testified showed serious intoxication. The president later submitted the question of consent to the court-martial for its determination. It was also specifically considered by the board of review. Both decided the issue against the accused.

An order to provide a sample of blood for clinical purposes is valid. United States v Baker, 11 USCMA 313, 29 CMR 129; cf. United States v Musguire, 9 USCMA 67, 25 CMR 329. Whether there is sufficient evidence to support the admission of the test result on that basis need not give us pause.[1] Neither need

---

[1] The board of review below concluded there was no "purely medical purpose" in the accused's interview with the doctor. Cf. United States v Baker, 11 USCMA 313, 317, 29 CMR 129.

we reconsider the question of whether a blood sample obtained from an accused by virtue of an order is admissible in a court-martial. See United States v Forslund, 10 USCMA 8, 27 CMR 82. Here the only testimony relating to the issue is that the accused was informed of his rights under Article 31 of the Uniform Code; that if he was advised he could be ordered to provide a blood sample for medical purposes, he was also expressly told the result of the test "could not be admitted against or for him in a courtroom" if he refused to consent to the taking of the blood sample; that, in fact, the accused did consent to the test because he thought the result "would help him." Plainly, therefore, the evidence is sufficient to show the accused was advised of, and understood his rights under, Article 31 of the Uniform Code.[2] It is also sufficient to support a finding that the accused consented to the taking of a sample of his blood because he believed the result might benefit him. See United States v Heaney, 9 USCMA 6, 25 CMR 268. The accused's consent to the procurement of evidence makes that evidence admissible against him. See United States v Insani, 10 USCMA 519, 28 CMR 85.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

Judge LATIMER concurs in the result.

[2] Although the test was for the purpose of determining the degree of the accused's intoxication, there is no contention he was so intoxicated that he was unable to understand the proceedings. On the contrary, there is ample evidence to show the accused had sufficient command of his mental faculties to understand and to respond to the situation. Cf. United States v Dison, 8 USCMA 616, 619, 25 CMR 120.