UNITED STATES, Appellee

v

WILLIAM O. BUSBIN, Staff Sergeant, U. S. Air Force, Appellant

7 USCMA 661, 23 CMR 125

No. 9049

Decided March 15, 1957

*Captain Richard C. Bocken* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt.*

*Captain John W. Fahrney* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was charged with desertion, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, an offense to which he pleaded not guilty. A general court-martial found him not guilty of desertion but convicted him of the lesser offense of absence without leave for the period alleged, in violation of Article 86 of the Code, 10 USC § 886. He was sentenced to dishonorable discharge, total forfeitures, and confinement for six months. Intermediate appellate agencies affirmed the findings and the sentence, and accused sought review here. We granted his petition to determine whether the statute of limitations had run against the offense of which he was found guilty.

The facts concerning the substantive offense are of little importance to the decision, and they are related only to show that the limitation statute was not tolled for a period of sufficient duration to affect the result which we must reach. On December 31, 1953, at Donaldson Air Force Base, South Carolina, the accused was paid; and being off duty, he departed from the base. He did not return at the appointed time and was shown by his unit's morning report to be absent without authority as of January 8, 1954. He did not come back under military control until January 27, 1956, at which time he was turned over to military authorities by civilian police, who had earlier arrested and jailed him for a traffic offense. The total period of incarceration for his civilian difficulty was twenty-four days. Sworn charges against him for this absence were received by the officer exercising summary court-martial jurisdiction over accused on February 13, 1956.

At trial, accused's unauthorized absence during the period January 8, 1954, to January 27, 1956, was not disputed. The Government made out a prima facie case of desertion, and the accused, as a witness in his own behalf, judicially admitted the absence for the period in question. To complete the evidentiary picture, it was stipulated that he was in the custody of civilian authorities between January 4, 1956, and January 27, 1956. The theory of the defense was that he had not committed the crime of desertion because at no time did he intend to remain absent permanently, and the accused testified to that effect. The court-martial members resolved that question in his favor for they found him guilty only of absence without leave for the period alleged as desertion. Prior to the time when the court announced its sentence, defense counsel raised the statute of limitations as an issue so that accused's right to assert it, if applicable, would not be waived by silence. The law officer gave consideration to the motion but denied it on the theory that accused's offense was a wartime offense and the statute did not apply. It is this ruling that is cited as erroneous.

II

On appeal, defense counsel argue that the time of war contemplated by Article 43 (a) of the Code, 10 USC § 843, ended on July 27, 1953, the date of the signing of the Armistice between the opposing forces in Korea. Korean Armistice Agreement, Senate Document No. 74, 83d Congress, 1st Session, page 98 (1953); 99 Cong. Record 9858. Therefore, they contend, the absence of the accused had its inception in peacetime and the two-year statute of limitations set forth in Article 43 (c) of the Code, supra, governs prosecution and punishment for accused's absence without leave. In the instant case, they point out that in excess of twenty-five months elapsed after the time accused absented himself before sworn charges against the accused were received by the officer exercising summary court-martial

jurisdiction. During that time only twenty-four days may be excluded in computing the period of limitation prescribed by the Article. Thus they conclude that the law officer erred in ruling that the statute of limitations did not bar trial and punishment for accused's absence without leave.

This Court has dealt with this identical issue in United States ■ v Shell, 7 USCMA 656, 23 CMR 120, where we held:

"... that the Armistice in Korea on July 27, 1953, ended those actual hostilities essential to a finding of 'time of war,' and hence that for the purposes of military law the state of war terminated on that date."

Accordingly, it is evident that the inception of accused's absence in this case occurred in time of peace, and, thus, that a two-year period of limitation applies to his offense.

We are not unmindful of the fact that accused was in the custody of civilian authorities be- ■ tween January 4, 1956, and January 27, 1956, which interval must be excluded in computing the period of limitation under the provisions of Article 43(d) of the Code, supra. However, the date of receipt of sworn charges—February 13, 1956, in this case—stops the running of the statute, not the date of return of the accused to military control. Thus, even excluding the twenty-four day period, more than two years intervened between the inception of accused's absence on January 8, 1954, and the receipt of sworn charges against him by an officer exercising summary court-martial jurisdiction. Accordingly, the statute of limitations had run against the offense of absence without leave.

Paragraph 74h of the Manual for Courts-Martial, United States, 1951, page 118, provides for just such a situation as this case presents. It directs that when an accused is convicted, by exceptions and substitutions, of a lesser included offense to which he has not entered a plea, and against which the statute of limitations has run, and the accused then interposes the statute, the issue should be determined just as would be a motion to dismiss based on the statute of limitations. As those were the exact circumstances of this case, it is crystal clear that denial of the motion by the law officer was erroneous, and prejudicce to the accused is apparent.

The decision of the board of review is reversed, the conviction and sentence of the accused are set aside, and the charges are ordered dismissed.

Chief Judge QUINN and Judge FERGUSON concur.