UNITED STATES, Appellee

v

JESSE CARR, Private E–1, U. S. Army, Appellant

8 USCMA 49, 23 CMR 273

No. 9880

Decided May 31, 1957

*Major Edward Fenig* and *First Lieutenant William H. Carpenter* were on the brief for Appellant, Accused.

*Lieutenant Colonel Thomas J. Newton* was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Despite his plea to the contrary, a general court-martial found accused guilty of desertion, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885. He was sentenced to dishonorable discharge, total forfeitures, and confinement for three years. The convening authority reduced the term of confinement to two years and a board of review made a further reduction to eighteen months, both agencies otherwise affirming the findings and the sentence. Thereafter accused sought review here and we granted his petition on the issue of whether the statute of limitations had run against the offense for which he was convicted.

For the purposes of this decision, it is not necessary that we set forth all the circumstances of this case, so we shall recount only those that relate to the disposition we must make. Accused's unauthorized departure from Camp Irwin, California, where he was stationed, commenced on August 3, 1953. His absence was terminated by apprehension and he was subsequently returned to military control on December 5, 1956. Sworn charges against him for this offense were received by the officer exercising summary court-martial jurisdiction on December 6, 1956. At trial, before accused entered his plea, defense counsel interposed the statute of limitations and moved that the charge be dismissed. The law officer denied the motion and trial proceeded. Accused was convicted and the intermediate appellate authorities have affirmed.

Although one deserting during time of war may be tried and punished without limitation, when the offense is committed during peace time a different rule prevails. Article 43(b) of the Code, 10 USC § 843, provides:

". . . a person charged with desertion in time of peace . . .

**49**

is not liable to be tried by court-martial if the offense was committed more than three years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command."

From the facts recounted in this opinion, it is apparent that a period in excess of forty months elapsed after the inception of accused's absence and before receipt of sworn charges against him by the officer exercising summary court-martial jurisdiction over the command. Accordingly, if the accused absented himself in time of peace there can be no question but that the statute of limitations precludes prosecution and punishment for this offense.

The decisions of this Court in United States v Shell, 7 USCMA 646, 23 CMR 110, and United States v Busbin, 7 USCMA 661, 23 CMR 125, rendered only twenty-three days after the action of the board of review in this case, are dispositive of the question. Indeed, appellate Government counsel acknowledges that he is unable to distinguish this case in any material aspect from the former. In those cases this Court concluded that upon the cessation of hostilities in Korea on July 27, 1953, pursuant to the armistice, a state of war no longer existed for purposes of military law.

Thus, it is crystal clear that the inception of accused's absence occurred in time of peace, and that since the applicable period of limitation had run, it was prejudicial error for the law officer to deny the timely motion to dismiss.

The decision of the board of review is reversed, the conviction and sentence of the accused are set aside, and the charge is ordered dismissed.