**UNITED STATES, Appellee,**

v.

**Lynn P. RODGERS, Private, U.S. Army, Appellant.**

**No. 29,919.**

U. S. Court of Military Appeals.

May 8, 1975.

*Colonel Victor A. DeFiori, Captain Michael R. Caryl* and *Captain Donald R. Jen-*sen were on the pleadings for Appellant, Accused.

*Major Steven M. Werner* and *Captain William A. Poore* were on the pleadings for Appellee, United States.

## MEMORANDUM OPINION OF THE COURT

This case is before the Court on a petition for grant of review[1] of the proceedings of a general court-martial which resulted in the accused's conviction upon a charge of absence without leave for the period commencing November 6, 1967, and terminating August 21, 1973.[2]

During the course of a pretrial session of the court-martial convened pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a), the defense moved for a dismissal of the charge and its specification contending the accused had been denied his right to a speedy trial. The military judge granted the motion and dismissed the charge. Acting pursuant to Article 62(a), UCMJ, 10 U.S.C. § 862(a), the convening authority directed reconsideration of the military judge's decision. Thereupon, the latter withdrew his action and reinstated the charge. Trial proceeded and, based on his plea of guilty, the accused was convicted as charged. Following approval and affirmance below, the abovementioned petition for review was filed in this Court, assigning as error the denial of accused's right to a speedy trial.

In *United States v. Burton*, 21 U.S.C.M.A. 112, 118, 44 C.M.R. 166, 172 (1971), for the reasons therein set forth, this Court declared:

> For offenses occurring after the date of this opinion . . . in the absence of defense requests for continuance, a presumption of an Article 10 violation will exist when pretrial confinement exceeds three months.

We could have fixed the initial date of confinement as the date of commencement of the new rule; but we consciously did not

---

1. Article 67(b)(3), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(3).

2. Article 86, UCMJ, 10 U.S.C. § 886.

do so. Rather, the date of the offense was chosen.

The parties have pointed out that different panels of the Court of Military Review have arrived at divergent views on the applicability of *Burton* to absence offenses commencing prior to the effective date of *Burton* but terminating subsequent to that date. We need not explore their respective positions further in this instance, nor is it necessary here to cite the opinions referred to.

Suffice to say that in recognizing the demonstrated need for providing further support for the provisions of Article 10, we did not intend to and, in fact, we did not make any alteration in the fundamental rules of substantive military law.

█ Absence without leave, it has long been held, is not a continuing offense. Rather, it is complete when the individual first so absents himself.[3] That view of the offense charged herein is in no way modified by our holding in *Burton*.

█ It follows that, in the instant case, since the offense charged was committed prior to the effective date of *Burton*, the presumption therein set out is inapplicable.

Accordingly, the petition for grant of review is denied.

---

3. *See United States v. Busbin*, 7 U.S.C.M.A. 661, 23 C.M.R. 125 (1957); Digest of Opinions of the Judge Advocate General of the Army, 1912–1940, § 396(2), (014.4, August 27, 1920).