UNITED STATES

v.

Private (E–1) Clifton PERKINS, 106–46–8745, U.S. Army, Company D, Fifth Battalion, Third Infantry Training Brigade, Fort Polk, Louisiana.

SPCM 10497.

U. S. Army Court of Military Review.

29 July 1975.

Appellate counsel for the Accused: CPT Barry J. Wendt, JAGC; LTC James Kucera, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC.

Appellate counsel for the United States: CPT Larry R. McDowell, JAGC; CPT Richard S. Kleager, JAGC; LTC Donald W.

Hansen, JAGC; LTC Ronald M. Holdaway, JAGC.

## OPINION OF THE COURT

CLAUSE, Judge:

On 1 April 1974, appellant was convicted of the offense of robbery. The convening authority took action on 1 August 1974, 122 days after the date of trial. Appellant alleges that he was substantially prejudiced by an unreasonable and oppressive post-trial delay.

Initially appellant relies upon *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973) and *United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973), as well as earlier cases, in support of his position. Examining appellant's case in light of the rule of these authorities, we find no merit in the assigned error.

Appellant also contends that the rule announced in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), applies in his case. In *Dunlap*, the Court of Military Appeals stated:

". . . To paraphrase *Burton* [*United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166], 30 days after the date of this opinion, a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial. In the language of *Burton*, 'this presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed.' *Id.* See also, *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973); *cf. United States v. Johnson*, 23 U.S.C.M.A. 91, 48 C.M.R. 599 (1974)." (23 U.S.C.M.A. at 138, 48 C.M.R. at 754).

Action on appellant's case was taken 11 days after the effective date of *Dunlap*. Appellate defense counsel urge that *Dunlap* must be applied to all actions taken after 21 July 1974, the effective date of the decision.

The question of how this effective date should be applied to cases already in various stages of processing has been the subject of controversy.

*United States v. Perkins*, 49 C.M.R. 272 (A.F.C.M.R. 1974), held that *Dunlap* did not establish a rule of appellate application to be applied on and after 21 July 1974, without regard to the date of trial and action of the convening authority. As the action was taken before 21 July 1974, *Dunlap* was held not to apply. The Court noted that, ". . . the rule manifestly contemplates a notice period to convening authorities, who are ultimately responsible for the preparation and action on records of trial, thus enabling them to implement procedures to comply with the provisions of the rule for pending and future cases." Subsequently, in *United States v. Wrubel*, 49 C.M.R. 369 (A.F.C.M.R. 1974), the Court referred to *Perkins* in holding that "*Dunlap* contemplated a 30-day notice period to convening authorities." Although not necessary to its decision, a panel of the Army Court of Military Review noted that they agreed essentially with the Air Force decision. *See United States v. Montgomery*, No. 432857 (18 June 1975) (Decision on Reconsideration).

The Navy Court of Military Review, in *United States v. Reyes*, 49 C.M.R. 872 (N.C.M.R. 1975), *petition granted*, 4 June 1975, also had occasion to question the significance of the 21 July 1974 effective date of *Dunlap* and held that:

". . . the logical interpretation of the Court's prospective ruling would be that only those cases wherein post-trial restraint commences after 21 July 1974 are affected. In those cases, there is a rebuttable presumption of undue post-trial delay if the convening authority does not act within 90 days. *Cf. United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Donahew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969); *United States v. Rinehart*, 8 U.S.C.M.A. 402, 24 C.M.R. 212 (1957). In each of the foregoing cases, the Court of Military Appeals created a prospective ruling with a 30-day grace period. In each instance

the mandate did not apply to cases tried before the expiration of the 30-day grace period. So it is at bar since post-trial restraint commences on the sentencing date unless a sentence to confinement is deferred. (Pars. 126*j*, 88*f*, MCM, 1969 (Rev.).)"

In addition to the legal basis for the conclusion that the Court of Military Appeals intended *Dunlap* to have entirely prospective application, there are valid practical reasons for that result. Not only was the new rule a substantial deviation from prior jurisprudence on the question of post-trial delay, but it placed a heavy administrative burden on convening authorities. Although not a factor in the instant case, the most critical impact was upon the court-reporting assets of a command. Even under the most favorable interpretation of the effective date, the need for re-evaluation and planning for the future is apparent. Obtaining court reporting services, either military or civilian, in most parts of the world in which the armed services must operate is difficult even with considerable lead time.

Interpreting *Dunlap* as applying to all convening authority actions taken after 21 July 1974, wherein the accused has been in continuous post-trial confinement for 90 days, could in some cases, allow only 30 days for implementation of the rule or even less time if one considers the time necessary for dissemination of the opinion. To require completed action on cases not yet transcribed or reviewed within that time frame appears to be an unreasonable burden. While this may have presented no problem for some commands, its impact on a busy jurisdiction should be apparent. Applying the rule prospectively as in *Reyes, supra*, allows time for implementation of procedures to comply with the new rule and for the completion of cases already tried.[1]

The length of pretrial confinement has always been a matter of primary concern in military law. While post-trial confinement has not been overlooked, there has always been a significant distinction between one confined awaiting a determination of guilt and one who has already been pronounced guilty and is awaiting review of his conviction.[2] In this connection we note that the *Burton* rule relating to pretrial confinement was made applicable only to those offenses occurring after its effective date.[3] The Court in *Dunlap* stated that it was their intent to establish a similar guideline for post-trial confinement as that established in *Burton*. It is arguable that the same totally prospective application was intended, that is, application only to offenses occurring after 21 July 1974. This intent would be a reasonable application of a new rule which deviated drastically from prior requirements and which imposed the drastic remedy of dismissal for violations thereof. We need not, however, reach that issue in the instant case.

We conclude that the view expressed by the Navy Court of Military Review in *Reyes, supra*, provides a reasonable interpretation of the applicability of the effective date announced in *Dunlap*. As the appellant had been in post-trial confinement for a period of only 11 days after the effective date of *Dunlap*, we have determined that the rule announced therein does not apply.

The findings of guilty and the sentence are affirmed.

Senior Judge BAILEY and Judge COOK concur.

---

1. The recent Speedy Trial Act, Public Law 93–619, recognizes the need for an orderly phase-in period for any radical departure in the administrative processing of criminal cases. This act provided for a phase-in period not commencing until one year after its enactment and progressing through a four-year time period.

2. *See United States v. Marell*, 23 U.S.C.M.A. 240, 49 C.M.R. 373 (1974).

3. *See United States v. Rodgers*, 23 U.S.C.M.A. 389, 50 C.M.R. 271, 1 M.J. 20 (1975).