**UNITED STATES**

v.

**Thomas E. ROBERTSON, 542 66 8511 Private (E–1) U. S. Marine Corps.**

**NCM 75 2411.**

U. S. Navy Court of Military Review.

Sentence Adjudged 26 June 1975.

Decided 26 March 1976.

LCDR James A. Fitzgerald, JAGC, USNR–R, Appellate Defense Counsel; LCDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel; LCDR Harvey E. Little, JAGC, USN, Appellate Government Counsel.

**DECISION**

FULTON, Judge:

Pursuant to his plea of guilty the appellant was convicted by special court-martial of unauthorized absence from 27 December 1972 to 21 May 1975, in violation of Article 86, UCMJ, 10 U.S.C. § 886. The approved sentence provides for a suspended bad conduct discharge, confinement at hard labor

for three months, and forfeiture of $150.00 pay per month for three months.

Appellant avers the following:

THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S MOTION TO DISMISS ON THE GROUNDS THAT TRIAL WAS BARRED BY THE STATUTE OF LIMITATIONS.

■ Charges were preferred on 9 June 1975. Appellant's absence commenced about two years and five months earlier on 27 December 1972, and the offense was complete on that date. *United States v. Busbin*, 7 U.S.C.M.A. 661, 23 C.M.R. 125 (1957); *United States v. Rodgers*, 23 U.S.C.M.A. 389, 50 C.M.R. 271, 1 M.J. 20 (1975). We must determine whether such date was a "time of war" within the meaning of the statute of limitations, Article 43(a), UCMJ; 10 U.S.C. § 843(a). We believe it was and affirm.

Article 43(c), *supra*, provides generally for a two year statute of limitations for unauthorized absence. However Article 43(a), *supra*, eliminates this limitation period during war:

"(a) A person charged with desertion or absence without leave *in time of war*, or with aiding the enemy, mutiny, or murder, may be tried and punished at any time without limitation." [Emphasis added.]

In *United States v. Anderson*, 17 U.S.C.M.A. 588, 38 C.M.R. 386 (1968), the Court of Military Appeals held that a "time of war" existed between the United States and North Vietnam on 3 November 1964.[1] We are called on to decide whether that "war" existed on 27 December 1972, for purposes of the statute of limitations. *Anderson, supra*, teaches that this is a factual determination.

As was observed in *United States v. Reyes*, 48 C.M.R. 832 (A.C.M.R. 1974):

". . . we note that in Part II of his Report to the Congress entitled U S Foreign Policy for the 1970's, 3 May 1973, the President discussed facts pertaining to

the progressive reduction of United States presence in Vietnam from more than 500,000 to 27,000 men by 1 December 1972 and the eventual settlement with the adversary. He stated that American casualties in South Vietnam declined to four a week during the final six months of United States involvement and that our ground role was steadily reduced and officially ended on June 30, 1972. But he noted that peace did not come and there remained armed conflict. In December 1972, the conflict was evidenced by heavy bombing in North Vietnam because '[W]e had to make clear that Hanoi could not continue to wage war in the South while its territory was immune . . . .' News reports even during the period 1–27 January 1973 evidence the continued existence of armed conflict. There were strikes by both sides, war supplies and equipment being destroyed, ground attacks, and Americans being killed, wounded or entering missing in action status (Facts on File, Vol. 33, Nos. 1679–1682)." 48 C.M.R. at 835.

The government argues in their brief: "Air raids from Navy aircraft carriers against North Vietnam continued well into December of 1972, and all aircraft carriers have a compliment of Marines assigned. That appellant might not have been assigned to such a vessel is irrelevant, since the suspension of the statute applies worldwide, not simply in the combat zone. *United States v. Ayers*, 4 U.S.C.M.A. 220, 15 C.M.R. 220 (1954)." Government Reply to Assignment of Error, p. 2.

Appellant argues that Marine Corps involvement in Vietnam terminated on 30 June 1972.

The Paris peace agreement was signed 27 January 1973 (Agreement of Ending the War and Restoring the Peace), Newsweek, 5 Feb. 73, pp. 16–20; Time, 5 Feb. 73; pp. 10–17. The last significant campaign period ended 28 January 1973. See SECNAV Notice 1650, 2 September 1974. The peace

---

1. We note that neither Judge Kilday nor Senior Judge Ferguson based their concurring opinions on the "Gulf of Tonkin resolution." *United States v. Anderson, supra.*

agreement required all American military troops to be withdrawn by 28 March 1973, Newsweek, 5 Feb. 1973, p. 20. The U. S. Military Assistance Command Vietnam was disestablished 29 March 1973, COMUS-MACV Msg. R290915Z Mar. 73, Unclassified.

From the foregoing we think it is clear that 27 December 1972 was a "time of war" in the sense of Article 43(a), *supra*. We note that the Army Court of Military Review accepts the date of the Paris peace accord as terminating the "war" for limitation purposes. *United States v. Reyes, supra*. Judge Lappin and I find it unnecessary to agree on the exact date hostilities ceased. The assignment lacks merit.

The findings and sentence approved on review below are affirmed.

Judge LAPPIN concurs.

WRAY, Judge (concurring in part/dissenting in part):

Our Nation has engaged in four major wars since the turn of the Century—World War I, World War II, the Korean War, and the Vietnam War.

Article I, Section 8, of the Constitution gives to Congress "the power to declare War," but only World War I and World War II were wars declared by Congress. Neither the Korean War nor the Vietnam War was, in the constitutional sense, a declared war. Both these wars were limited or imperfect wars. *Cf. Bas[s] v. Tingy*, 4 Dallas 37, 40, 1 L.Ed. 731 (1800).

Both World War I and World War II, as the names indicate, were of broad scope and hostilities in neither of these wars were limited to one geographical area. Absolute defeat of the enemy was sought and achieved by the Allies in World War I and by the United Nations in World War II.

Each of the two constitutionally undeclared wars, the Korean War and the Vietnam War, involved hostilities limited in geographical area and with more limited political objectives than either of the two World Wars.

An Armistice, signed at Versailles on the eleventh hour of the eleventh day of the eleventh month of 1918, resulted in termination of the hostilities of World War I. Complete peace of this constitutionally declared war did not, however, come to pass, in a legal sense, because of the Armistice. *Kahn v. Anderson*, 255 U.S. 1, 10, 41 S.Ct. 224, 65 L.Ed. 469 (1921).

But the Armistice signed on 27 July 1953, which resulted in, among other things, bringing to an end the hostilities involving our armed forces during the Korean War[1] did, for the pragmatic purpose of military law, bring a *time of peace* in a legal sense. The *in time of war* provision of Article 43(a), Uniform Code of Military Justice, as it had applied with respect to the Korean War, *United States v. Ayers*, 4 U.S.C.M.A. 220, 15 C.M.R. 220 (1954); *United States v. Bancroft*, 3 U.S.C.M.A. 3, 11 C.M.R. 3 (1953), *terminated*. *United States v. Busbin*, 7 U.S.C.M.A. 661, 23 C.M.R. 125 (1957); *United States v. Shell*, 7 U.S.C.M.A. 646, 23 C.M.R. 110 (1957).

The most recent of the four major wars of this Century in which our Nation engaged was the Vietnam War. Our involvement in the hostilities of this War endured for a longer period than our involvement in any of the three earlier major wars, and the desire for our total disengagement from the hostilities primarily in what was then the

---

1. The Korean War, which came to involve armed forces of a number of nations engaged under the banner of the United Nations against the enemy, commenced in June 1950. A World War II state of war then existed between the United States and both Germany and Japan. Although the war with Germany did not terminate until 19 October 1951, and with Japan until 28 April 1952, the United States Supreme Court concluded that murder, allegedly committed in June 1949 by a discharged Army military prisoner then serving sentence and subject to court-martial jurisdiction for murder committed *in time of war*, had occurred not in time of war, but in time of peace for the purpose of court-martial jurisdiction. *Lee v. Madigan*, 358 U.S. 228, 79 S.Ct. 276, 3 L.Ed.2d 260 (1959). *Also see* Public Law 239, 80th Congress, 61 Stat. 449, Joint Resolution of Congress of 25 July 1947, terminating World War II with respect to increased penalties for certain offenses committed *in time of war*.

Republic of Vietnam (South Vietnam), mounted as the War continued.[2]

On 27 January 1973, the Agreement on Ending the War and Restoring Peace in Vietnam (The Parish Peace Accords) was signed. Notwithstanding this international agreement's later proven fragility[3], it called for a truce effective at midnight that day and resulted in, *inter alia*, the disengagement of American combat forces in South Vietnam from hostilities with the enemy, the removal of American combat forces from South Vietnam within sixty days, and the return home of prisoners of war.

In contrast, after the Korean Armistice in July 1953, although prisoners of war were returned, all American combat forces did not leave South Korea and a considerable number remained there, below the 38th parallel under the United Nations banner. The presence there of American combat forces has continued without interruption since then and today, some 40,000 American military personnel are located in South Korea.

Appellant was a member of the armed forces on active duty, and I agree with the majority's conclusion that his unauthorized absence from 27 December 1972 to 21 May 1975 occurred on 27 December 1972, *United States v. Rodgers*, 23 U.S.C.M.A. 389, 50 C.M.R. 271, 1 M.J. 20 (1975), during the time of the Vietnam War, and as the majority hold, that he was subject to court-martial jurisdiction for his alleged misconduct. *United States v. Anderson*, 17 U.S.C.M.A. 588, 38 C.M.R. 386 (1968). *But see United States v. Averette [a civilian]*, 19 U.S.C.M.A. 363, 41 C.M.R. 363 (1970), *and compare with Latney v. Ignatius*, 17 U.S.C.M.A. 677 (1967).

But I also conclude that not unlike the Armistice of 27 July 1953 which terminated the applicability of the *in time of war* provision of Article 43(a), UCMJ, with respect to the Korean War, the applicability of this *in time of war* provision with respect to the Vietnam War ended with the Paris Peace Accords of 27 January 1973. *United States v. Reyes*, 48 C.M.R. 832 (A.C.M.R. 1974). *Cf. United States v. Shell, supra; United States v. Bancroft, supra.*

Although I concur with the majority decision's affirmance of the approved findings and sentence, I am also of the view that the stability of enlightened decision-making will be enhanced with a definite pronouncement of 27 January 1973 as the date certain terminating applicability of the *in time of war* provision of Article 43(a) with respect to the Vietnam War. *Accord United States v. Reyes, supra,* at 835. *Also see United States v. Shell, supra,* 7 U.S.C.M.A. at 651, 23 C.M.R. at 115.

---

2. Although American forces committed to the Vietnam War numbered some 540,000 in 1968, by the beginning of 1973 the American combat forces that remained in South Vietnam had diminished significantly.

3. As Clausewitz observed in On War:

We never find that a State joining in the cause of another State takes it up with the same earnestness as its own. An auxiliary Army of moderate strength is sent; if it is not successful, then the Ally looks upon the affair as in a manner ended, and tries to get out of it on the cheapest terms possible.