**UNITED STATES**

v.

**Airman Basic Ronald F. DUFOUR, Jr., FR 018–46–2981 United States Air Force.**

**ACM S25858.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 Nov. 1982.

Decided 22 April 1983.

4. Art. 98. Noncompliance with procedural rules

Any person subject to this chapter who—
(1) is responsible for unnecessary delay in the disposition of any case of a person accused of an offense under this chapter; ... shall be punished as a court-martial may direct.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused, without authority, left his organization at Chanute Air Force Base, Illinois, on 7 September 1977, and remained absent until he returned on 8 July 1982. On 1 October 1982, charges were preferred alleging an absence without leave starting, not on 7 September 1977, the date of departure, but 2 October 1980, and continuing until 8 July 1982, because the prosecution believed apparently, this lesser period would not be affected by the statute of limitations. Article 43(c), U.C.M.J., 10 U.S.C. § 843(c).[1]

Pursuant to his pleas, the accused was convicted of absence without leave for the period 12 February 1982 to 8 July 1982[2] in violation of Article 86, 10 U.S.C. § 886 of the Code. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months, and the forfeiture of $100.00 per month for four months.

In a single assignment of error, which the Government concedes, the accused argues that his prosecution is barred by the statute of limitations which he did not waive.

■ We agree. Absence without leave is not a continuing offense. Rather, it is complete when the individual first so absents himself. *United States v. Rodgers,* 23 U.S.C.M.A. 389, 50 C.M.R. 271 (1975); *United States v. Emerson,* 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951). Accordingly, charges must be preferred and delivered to the officer exercising summary court-martial jurisdiction within two years of the beginning of the absence. Article 43(c), Code, *supra;*

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

1. We suggest that those involved with military justice read Birnbaum, *A.W.O.L. AND THE STATUTE OF LIMITATIONS,* 12 The Reporter 50 (April, 1983).

2. The accused contended that he suffered from a psychogenic fugue from 7 September 1977 until 12 February 1982, when he first realized he was a member of the Air Force. He entered a guilty plea to absence without leave from 12 February 1982 to 8 April 1982, but was found guilty of the period 2 October 1980 to 8 July 1982. The convening authority approved only the period to which the accused pled guilty.

M.C.M., 1969 (Rev.) para. 68c. This was not accomplished here. Further, there is no indication in the record that the accused was advised of his right to assert the statute of limitations or that he consciously waived the right. *United States v. Harp,* 37 C.M.R. 960 (A.F.B.R.1967): *United States v. Taylor,* 1 C.M.R. 293 (A.B.R.1951). Under the circumstances, the findings of guilty and the sentence cannot be sustained. Accordingly, the charges are dismissed.

HEMINGWAY, Senior Judge, concurs.

MILLER, Judge, dissenting:

I agree that the authorities cited by the majority stand for the proposition that A.W.O.L. is not a continuing offense. In my opinion, however, this is the least well-reasoned rule of law currently existing in military jurisprudence.

Believing that the cases originally enunciating this seemingly bizarre rule of law would be decided differently today, I reject the notion of continuing to slavishly apply the antiquated holdings. The half-century old bedevilment of effective military justice administration resulting from these obsolete holdings need not and should not continue.

I would affirm the conviction below.