**UNITED STATES**

v.

**Airman Basic James J. MIKLINEVICH, FR 041–62–6946 UNITED STATES AIR FORCE.**

**ACM S26032.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 March 1983.

Decided 7 Oct. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

**DECISION**

PER CURIAM:

The accused, without authority, absented himself from his organization at Griffiss Air Force Base, New York on 20 October 1978. On 20 November 1978, he was administratively classified as a deserter, and on 18 April 1979 was dropped from the unit rolls due to 180 consecutive days of unauthorized absence. Air Force Regulation 35–73 (3 December 1979), Desertion and Unauthorized Absence, Table 1, Steps 5 and 7 [hereinafter AFR 35–73]. On 30 April 1979, charges were preferred and delivered to the Base Commander, Griffiss Air Force Base, the officer who exercised summary court-martial jurisdiction over the accused. Article 43(c), U.C.M.J., 10 U.S.C. § 843(c); M.C.M., 1969 (Rev.) para. 68c.

On 6 January 1983, the accused returned to military control and thereafter, following his guilty plea, was convicted by special court-martial of desertion. He was sentenced to a bad conduct discharge and confinement at hard labor for two months.

Appellate defense counsel, citing *United States v. Rice*, 15 M.J. 605 (N.M.C.M.R. 1982), argue that the officer who received the charges on 30 April 1979, did not possess summary court-martial jurisdiction over the accused and therefore the charges were not received before the three year statute of limitations ran out. *See United States v. Dufour*, 15 M.J. 1016 (A.F.C.M.R.1983).

In *Rice, supra,* the Navy-Marine Corps Court of Military Review analysed their internal personnel directives and concluded that by dropping the accused from the rolls of his organization the former commander surrendered all administrative control over the service member. Accordingly, that commander no longer had summary court-martial jurisdiction over the accused and his receipt of charges did not toll the statute of limitations.

Air Force regulations require no such interpretation. Within the Air Force the unit of assignment is:

> The organization having strength accountability for a member; *or, for the dropped from rolls (DFR) member, the organization to which last assigned for strength accounting.* (emphasis added) AFR 35–73, Attachment 2, Explanation of Terms, para. 26.

An Air Force member's unit of assignment, contrary to the Marine Corps practice discussed in *Rice, supra,* never changes. AFR 35–73, Attachment 2, Explanation of Terms, para. 5. The statute of limitations was properly tolled. The findings of guilty and the sentence are

AFFIRMED.