UNITED STATES, Appellant

v

ERNEST FRENCH, JR., Boatswain Mate Seaman,
U. S. Navy, Appellee

9 USCMA 57, 25 CMR 319

No. 10,926

Decided March 21, 1958

*Major Charles R. Larouche*, USMC, was on the brief for Appellant, United States.

*Commander Charles Timblin*, USN, was on the brief for Appellee, Accused.

GEORGE W. LATIMER, Judge:

The accused was charged with a desertion, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, commencing on August 17, 1953, and terminating by apprehension on July 15, 1957. He pleaded not guilty but guilty of the lesser included offense of absence without leave for that period of time. After a trial by general court-martial, he was convicted as charged and sentenced to a bad-conduct discharge, total forfeitures, confinement at hard labor for eighteen months, and to be reduced to the grade of boatswain mate seaman recruit. The convening authority approved the findings and sentence, but a board of review set aside the findings and sentence on account of the law officer's failure to advise the accused of his right to assert the statute of limitations. The Judge Advocate General of the Navy has certified to this Court the question of whether the law officer committed an error to the substantial prejudice of the accused.

The facts of this case are as follows: On June 10, 1955, a charge sheet alleging the desertion was prepared and properly executed. It was received by the officer exercising summary court-martial jurisdiction on June 13, 1955. On July 30, 1957, that officer received a second charge sheet containing identical sworn allegations except there had been added to the specification the date and manner of termination of the period of absence. The accused was arraigned upon the charge as pleaded in the subsequent charge sheet. The initial pleading was introduced in evidence by the prosecution to show the Government had taken steps to prevent the statute of limitations from barring trial. Article 43(b), Uniform Code of Military Justice, 10 USC § 843. The reason for taking that precaution was because the absence began on August 17, 1953, some three weeks after the cessation of hostilities in Korea and, therefore, was a peacetime desertion. United States v Shell, 7 USCMA 646, 23 CMR 110. Hence, the offense was governed by the three-year statute of limitations.

In United States v Rodgers, 8 USCMA 226, 24 CMR 36, this Court held that Article 43(c) of the Code, supra, barred trial of an offense under circumstances which are dispositive of this case. There a charge sheet had been filed with the officer exercising summary court-martial jurisdiction in time to toll the statute of limitations. However, the accused was brought to trial upon a new charge sheet received by that officer out of the prescribed time. In that case, as in this one, the second charge sheet had been drafted to incorporate new allegations of the terminal date of the desertion and the apprehension of the accused, facts which obviously could not be known at the time the pleadings were first drawn. It was decided in Rodgers, supra, that the statute of limitations had run and the instant case is indistinguishable. The mere fact that the first charge was introduced in evidence in this instance would not cure the defect appearing on the face of the subsequent pleading. Therefore, as in the Rodgers case, the law officer had the duty to advise the accused of his right to assert the statute unless there is evidence in the record that the accused was aware of his rights.

We have no doubt that the accused was uninformed of his right to plead the statute. This trial was held on August 22, 1957, some three weeks before the publication of this Court's opinion in United States v Rodgers, supra. In that instance, we either changed the practice prevalent in the military services or rendered definite a rule about which there had been uncertainty. Under those circumstances, we find no justification to hold that the record shows affirmatively that the accused or his counsel were aware of the defense.

The certified question is answered in the affirmative and the decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.