UNITED STATES, Appellant

v

TOMMY RICHARD TROXELL, Fireman Apprentice,
U. S. Navy, Appellee

12 USCMA 6, 30 CMR 6

No. 14,126

Decided October 21, 1960

*Major Ted H. Collins*, USMC, was on the brief for Appellant, United States.

*Colonel Olin W. Jones*, USMC, was on the brief for Appellee, Accused.

*Fred W. Shields, Esquire*, was on the brief for Amicus Curiae.

## Opinion of the Court

HOMER FERGUSON, Judge:

Pursuant to his plea, the accused was found guilty of absence without leave for a period of two years and fourteen days, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for nine months, and reduction to the grade of fireman recruit. The convening authority approved the sentence. With one member dissenting, a Navy board of review set aside the findings and sentence and ordered the charges dismissed on the basis that their prosecution was barred by Code, supra, Article 43, 10 USC § 843, the terms of which statute could not be waived by the accused. Thereafter, The Judge Advocate General of the Navy certified to this Court the following question:

"Was trial of the accused for absence without leave barred by the running of the statute of limitations?"

The accused absented himself without leave on September 8, 1957. He was returned to naval control on September 23, 1959. Sworn charges of desertion, in violation of Code, supra, Article 85, 10 USC § 885, were preferred on October 14, 1959, and received on the same date by the officer exercising summary court-martial jurisdiction over the accused. On December 18, 1959, the accused initiated an agree-

6

ment with the convening authority whereby he agreed to plead guilty to absence without leave for the stated period and not to raise the defense afforded him by the statute of limitations in return for modification of the desertion charges to allege only unauthorized absence and approval of a sentence not to exceed bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for twelve months, and reduction to the grade of fireman recruit. The accused's offer was accepted by the convening authority, and the ensuing trial proceeded on the basis of the agreement.

Before receiving accused's plea of guilty, the law officer held an out-of-court hearing in which he advised the defendant that he might appropriately assert the statute of limitations as a defense. Accused replied that he had consulted with his counsel, was satisfied with the representation afforded him, knew he was entitled to plead the statute's provisions in bar of trial, and specifically did not wish to do so. Although informed by the law officer that he might again raise the question after findings had been announced by the court-martial, the accused and his counsel did not again refer to the matter.

Before us, the Government argues that the rights accorded an accused under Code, supra, Article 43, may be waived by him if he acts with full knowledge of his privilege and the consequences of a failure to assert it. The accused joins with the Government in its contention and prays for reversal of the board's decision.

Code, supra, Article 43, provides pertinently:

"(c) Except as otherwise provided in this article, a person charged with any offense is not liable to be tried by court-martial or punished under section 815 of this title (article 15) if the offense was committed more than two years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command or before the imposition of punishment under section 815 of this title (article 15)."

It will be seen that the foregoing Article confers upon the accused the right to be relieved from liability for trial by court-martial after the passage of a stated period, unless certain enumerated exceptions, none of which are pertinent here, apply to his case. Nothing is mentioned, however, with regard to whether an accused may knowingly forego the exercise of the right thus given him. Nevertheless, each of the Judges of this Court has heretofore concluded that one who, with full knowledge of his privilege under Code, supra, Article 43, fails to plead the statute in bar of prosecution or imposition of sentence, thereby waives his rights thereunder. United States v Shell, 7 USCMA 646, 23 CMR 110; United States v Busbin, 7 USCMA 661, 23 CMR 125. While I dissented in part in United States v Shell, supra, I specifically pointed out, at page 655, my belief that, "Ordinarily, a failure to plead the statute of limitations constitutes a waiver." And in United States v Busbin, supra, a unanimous Court seemingly reached the same conclusion, for the opinion in that case implies that the accused must interpose the statute in order to gain the benefit which it confers. Similar reasoning appears to form the basis for our requirement that the law officer, in appropriate instances, advise an apparently uninformed accused of the terms of Code, supra, Article 43, and its effect upon his case. United States v Rodgers, 8 USCMA 226, 24 CMR 36; United States v French, 9 USCMA 57, 25 CMR 319. Were the statute not required to be pleaded, there would be little use in thrusting upon the law officer the burden of explaining it to the accused.

Although the foregoing opinions appear clearly dispositive of the issue, we have carefully re-examined the question in the light of the board of review opinion. While the legislative background of Code, supra, Article 43, is scanty, we note that it was, with some unrelated changes, generally adopted from its predecessor in the Army, Arti-

**7**

cle of War 39. House Report No. 491, 81st Congress, 1st Session, page 22; Senate Report No. 486, 81st Congress, 1st Session, page 19. That statute was uniformly construed to confer rights which were subject to waiver. United States v Fouts, 5 BR 157; In re Davison, 21 Fed 618 (SD NY) (1884). Similar limitations upon prosecutions in the Federal courts have been held to be waived unless affirmatively pleaded. Capone v Aderhold, 65 F2d 130 (CA5th Cir) (1933); Askins v United States, 251 F2d 909 (CA DC Cir) (1958), and cases cited therein, at page 913. While there may be state decisions which reach a contrary result with respect to statutes peculiar to their jurisdictions, we believe the cited Federal authorities afford better reasoned precedents for construction of the military statute of limitations. Thus, we must decline to depart from the rationale and conclusion inherent in our former opinions.

Turning to the situation confronting us in this record, we necessarily must find that the accused knowingly waived his right to invoke the provisions of Code, supra, Article 43. He negotiated a plea of guilty with the convening authority whereby he avoided trial for the more serious offense of desertion by agreeing not to raise the statute of limitations in bar of prosecution. He was fully advised of the consequences of failing to plead the statute both by his counsel and the law officer. In forgoing his right to do so, he obtained a substantial benefit by reason of his agreement. Under the circumstances, it would be difficult to conceive of more knowledgeable action on his part. Accordingly, it is clear that Code, supra, Article 43, interposes no bar to the affirmance of the findings of guilty.

The certified question is answered in the negative. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy for action consistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.