**UNITED STATES**

v.

**Timothy Thomas BROWN, 028 36 9504, Seaman Apprentice (E–2), U. S. Navy.**

**NCM 77 0019.**

U. S. Navy Court of Military Review.

Sentence Adjudged 16 June 1976.

Decided 18 Feb. 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

PER CURIAM:

Appellant was tried by a special court-martial, military judge alone, on four specifications of a Charge alleging unauthorized absence in violation of Article 86, UCMJ, 10 U.S.C. § 886, and on four specifications of an Additional Charge laid under the same Article. In accordance with his pleas, appellant was convicted of the four specifications of the Charge and of specifications 2, 3 and 4 of the Additional Charge; specification 1 of the Additional Charge was withdrawn by the convening authority. The sentence, approved on review below, provides for confinement at hard labor for 75 days, reduction to E–1, and a bad conduct discharge.

Appellant has summarily assigned the following error:

THE MILITARY JUDGE ERRED IN FAILING TO ADVISE APPELLANT OF HIS RIGHT TO PLEAD THE STATUTE OF LIMITATIONS AS TO CHARGE I AND SPECIFICATIONS 1, 2 AND 3 SINCE THE CHARGES ACTUALLY REFERRED TO TRIAL WERE THOSE RECEIVED ON 10 MAY 1976 AND NOT THOSE RECEIVED ON 5 FEBRUARY 1975. Paragraph 68c, Manual for Courts-Martial, 1969 (Rev.); United States v. Rodgers, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957).

The charge sheet (DD Form 458) upon which this case proceeded is composed of all four pages of the original charge sheet, prepared on 5 February 1975. Two additional completed "page threes" of DD Form 458 were subsequently appended to the original charge sheet. Page 2 of the charge sheet as originally drafted on 5 February 1975 set forth one Charge alleging four specifications of unauthorized absence; the offenses alleged in the three specifications under the Charge which are at issue here were committed on 31 August 1973, 11 October 1973, and 11 April 1974, respectively. The Charge was received on 5 February 1975 by the officer exercising summary court-martial jurisdiction over appellant. The two year statute of limitations was thereby tolled as to the Charge and as to all four specifications thereunder.

One additional page 3 of DD Form 458, as completed, reflects that: On 10 May 1976, more than two years after the offenses alleged in the first three specifications were committed, the Charge, never having been referred for trial, was sworn to once again, this time at appellant's next command; the officer then exercising summary court-martial jurisdiction over appellant received the re-preferred Charge on the same date; and, the Charge was referred for trial to a special court-martial on 14 May 1976. The other completed page 3 of DD Form 458 reflected preferral, receipt and referral of the Additional Charge and specifications.

Appellant, arguing that the offenses alleged under the Charge preferred on 5 February 1975 became embodied in a new charge on 10 May 1976, concludes that it was the charge preferred and received on the latter date, after the statute of limitations had run, which was actually referred for trial on 14 May 1976. We disagree.

There was, and is, only one Charge with its supporting specifications, albeit twice preferred and twice received, which was before the convening authority on 14 May 1976 and finally referred for trial on that date. That Charge was preferred and received on 5 February 1975; it was referred for trial by completion of the first endorsement contained on the first of two additional "page threes" subsequently appended to the 5 February 1975 charge sheet. Appearing within that charge sheet, among other things, was the original, the unaltered, the sole draft of the Charge which the 14 May 1976 first endorsement referred for trial, and the original page 3 evidencing the 5 February 1975 receipt of the Charge and the resultant tolling of the statute of limitations. Under the facts thus presented, the Charge did not have to be re-preferred and again received as a prerequisite to the convening authority's referral for trial; re-preferring and again receiving the Charge on 10 May 1976 was mere surplusage which

could neither effectively supersede, and thereby cancel, the 5 February 1975 receipt of the Charge nor belie the resultant tolling of the statute of limitations. The 14 May 1976 first endorsement of the Commanding Officer, NAS, Jacksonville, Florida, simply referred to special court-martial the Charge and all four of its specifications as originally drafted, preferred, and received on the preceding page 2 and 3 of the charge sheet to which it was attached; it thus referred for trial a charge against which the statute of limitations had not run.

We hasten to point out that the case *sub judice* is clearly distinguishable from *United States v. Rodgers, supra*, cited by appellant, and *United States v. French*, 9 U.S.C.M.A. 57, 25 C.M.R. 319 (1958). In both of these cases, the original charge sheet was submitted to the summary court officer to toll the running of the statute of limitations in accordance with Article 43(b) of the UCMJ. Later, this charge sheet was replaced by a new charge sheet which set out the charge and specification in different form. Only the new charge sheet was referred for trial. On its face, the new charge sheet established that the statute of limitations had run against the specification at issue. The United States Court of Military Appeals held in each case that the law officer should have advised the apparently uninformed accused of his right to plead the statute as a defense. In each case, the Court took care in pointing out the difference between adding new matter to or amending the original charge sheet and drafting of a new and different one. *See United States v. Spann*, 10 U.S.C.M.A. 410, 27 C.M.R. 484 (1959). In appellant's case: there has always been only one charge sheet; the Charge and the first three specifications thereunder have remained exactly as originally drafted; the 5 February 1975 receipt of the Charge and its specifications has remained attached to and a viable part of the other portions of the charge sheet prepared on that date, hence, on its face, that charge sheet reflects that the statute of limitations had been tolled as to the Charge at issue; and it is upon that charge sheet, as modified by the insertion of the Additional Charge and as completed and referred for trial by the two appended page 3 first endorsements, that appellant was brought to trial and convicted.

Concluding from the foregoing that a statute of limitations defense as to the first three specifications of the Charge was not available to appellant in this case, we hold that the military judge had no duty to advise appellant of a right to plead such a defense at his trial.

Accordingly, the findings and sentence, as approved on review below are affirmed.