UNITED STATES

v.

**Mark Reed CLEMENS, 283 46 1969, Engineman Fireman Apprentice (E–2), U. S. Navy.**

**NCM 77 1888.**

U. S. Navy Court of Military Review.

Sentence Adjudged 8 July 1977.

Decided 20 Jan. 1978.

---

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

GREGORY, Judge:

Pursuant to his plea, appellant was convicted at a general court-martial bench trial of an unauthorized absence of almost 2 years, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C.A. § 886. He was sentenced to a bad conduct discharge, confinement at hard labor for 5 months, forfeiture of $300.00 per month for 5 months, and reduction to pay grade E–1. This sentence was within the limits of a pretrial agreement and was approved by the convening authority without modification or suspension.

Appellant has assigned the following errors before this Court:

I. THE MILITARY JUDGE FAILED TO SATISFY THE REQUIREMENTS OF *UNITED STATES V. GREEN*, 24 U.S.C.M.A. 299, 52 C.M.R. 10 [1 M.J. 453] (1976), WHEN HE FAILED TO STRIKE FROM THE PRETRIAL AGREEMENT A CONDITION REQUIRING THAT APPELLANT WAIVE HIS RIGHT TO ASSERT THE STATUTE OF LIMITATIONS AS A DEFENSE TO THE LESSER INCLUDED OFFENSE OF THE CHARGED OFFENSE BECAUSE SUCH CONDITION WAS CONTRARY TO BOTH LAW AND PUBLIC POLICY.

II. THE MILITARY JUDGE PREJUDICIALLY ERRED IN ADMITTING PROSECUTION EXHIBITS 1 AND 2 AS EVIDENCE IN AGGRAVATION BECAUSE THE EXHIBITS DO NOT REFLECT, NOR IS THERE ANY INDICATION ELSEWHERE IN THE RECORD, THAT PRIOR TO RECEIVING THE NONJUDICIAL PUNISHMENT (ARTICLE 15, UCMJ, 10 USC § 815 (1970) REFLECTED IN THESE EXHIBITS, APPELLANT WAS ADVISED OF HIS RIGHT TO CONSULT WITH LAWYER COUNSEL AND AFTER DOING SO, OR AFTER AFFIRMATIVELY WAIVING THIS RIGHT, APPELLANT OPTED FOR DISPOSITION OF THE OFFENSES AT A DISCIPLINARY VICE A CRIMINAL PROCEEDING. *UNITED STATES V. BOOKER*, 3 M.J. 443, 448–449 (C.M.A.1977); *UNITED STATES V. HEFLIN*, 23 U.S.C.M.A. 505, 507, 50 C.M.R. 644, 646 [1 M.J. 131, 133] (1975). *SEE* R. 20.

We do not concur in the assignments of error, and we affirm.

I

Appellant had originally been charged with desertion, in violation of Article 85, Uniform Code of Military Justice. Pursuant to the pretrial agreement, appellant entered a plea of guilty to the lesser included offense of unauthorized absence, and the Government, after acceptance of the guilty plea by the military judge, presented no evidence with respect to the greater offense and amended the pleadings to reflect the lesser included offense. One of the conditions of the pretrial agreement provided that appellant would waive his right to contest the question whether prosecution of this lesser included offense of unauthorized absence was barred by the statute of limita-

tions. The statute of limitations, absent waiver, bars trial for desertion, in peacetime, committed more than 3 years before receipt of sworn charges. Trial for unauthorized absence, if not waived, is barred if committed more than 2 years before receipt of sworn charges. The record of trial reveals that appellant's absence, forming the basis for the Charge, commenced on 26 April 1975 and that sworn charges were received by the officer exercising summary court-martial jurisdiction on 26 April 1977. *See* Article 43, Uniform Code of Military Justice.

On appeal, appellant argues that his guilty plea was improvident because the provision concerning waiver of the statute of limitations issue was contrary to public policy and the military judge failed to strike this provision from the pretrial agreement as required by *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976). In support of his contention concerning public policy, appellant directs our attention to the holdings of the U. S. Court of Military Appeals in *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975) (condition in pretrial agreement requiring entry of guilty plea before presentation of motions going to other than jurisdiction held void as contrary to public policy); *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968) (condition in pretrial agreement requiring waiver of speedy trial motion or due process issues held void as contrary to public policy); and *United States v. Troglin*, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972) (unwritten condition requiring waiver of issue of former jeopardy held void as contrary to public policy).

■ We do not dispute the fact that a pretrial agreement provision which is contrary to public policy must be stricken in order to preserve the providency of a guilty plea. *United States v. Green, supra, citing United States v. Elmore*, 24 U.S.C.M.A. 81, 82–83, 51 C.M.R. 254, 255–256, 1 M.J. 262, 263–264 (1976) (Fletcher, C. J., concurring). *But see United States v. Pratt*, 17 U.S.C. M.A. 464, 38 C.M.R. 262 (1968). We do not

concur, however, in appellant's contention that the provision in this case was contrary to public policy. The statute of limitations does not raise a jurisdictional question; rather, it is a matter in defense that may be taken advantage of as a plea in bar of trial or punishment and that may be the subject of an informed waiver. Paragraphs 68c and 74h, MCM, 1969 (Rev.); *United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957); *United States v. French*, 9 U.S.C. M.A. 57, 25 C.M.R. 319 (1958); *United States v. Troxell*, 12 U.S.C.M.A. 6, 30 C.M.R. 6 (1960). Such waiver merely depends on the accused doing so with full knowledge of his rights in the matter.

■ In this case, there appears to be no question that appellant made an informed waiver. The military judge made a complete and careful inquiry into appellant's understanding of his right to raise the issue concerning the statute of limitations and the implications of his waiver of this right. (R. 7–8). Trial defense counsel also advised the military judge that he had thoroughly discussed the matter with appellant before the decision was made not to raise the issue in defense (and to opt for a pretrial agreement). (R. 6).

In our view, the appellant in this case made a calculated decision. Trial for the charged desertion clearly was not barred by the statute of limitations. In return for valuable consideration, i. e., the lessening of the charge to one of unauthorized absence and a restriction on the approved sentence, the appellant agreed to plead guilty to this lesser charge and waive a right, as he was free to do. Appellant has received the benefit that he apparently desired, the guaranteed avoidance of a conviction of desertion and a possibly severe sentence. As part of his share of the bargain, appellant agreed not to raise a defense that may or may not have been successful, and that would not have been available to him unless the greater charge were reduced. As previously indicated, we do not consider such a concession by an accused to be contrary to public policy. Such a conclusion on our part appears consistent with that of the U. S.

Court of Military Appeals in *United States v. Troxell, supra.*

The assignment of error is rejected.

## II

■ Appellant also contends that he has been prejudiced by the introduction of evidence of two prior nonjudicial punishments. The evidence in question fails to indicate whether appellant was afforded an opportunity to consult with counsel prior to accepting nonjudicial punishment on either of these occasions. *See United States v. Booker,* 3 M.J. 443 (C.M.A.1977).

The Court of Military Appeals has not indicated whether their decision in *Booker* should be applied retroactively. This issue of retroactivity is presently under *en banc* consideration by this Court in *United States v. Harrell,* No. 77 1628. Pending resolution of this issue, we will assume for purposes of argument that *Booker* is retroactive. On this basis, we test for prejudice and find none.

The two prior nonjudicial punishments are for three very short unauthorized absences. In this case, appellant stands convicted of an unauthorized absence of almost 2 years. We find no fair risk that the evidence of prior nonjudicial punishments caused the military judge to award a sentence more severe than he would have if this evidence had not been before him.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge ROOT concur.