**UNITED STATES**

**v.**

**Vernon P. SIMPSON, Jr., 514 62 0310, Private First Class (E–2), U. S. Marine Corps.**

**NMCM 81 0447.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 1 Aug. 1980.

Decided 28 May 1981.

CDR Walter J. Landen Sr., JAGC, USN, Appellate Defense Counsel.

CAPT Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before GREGORY, Senior Judge and DONOVAN and GLADIS, JJ.

GREGORY, Senior Judge:

Pursuant to his plea, appellant stands convicted of an unauthorized absence from 27 May 1978 to 22 May 1980, in violation of

---

Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (UCMJ). The sentence adjudged and approved on review below provides for a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $150.00 per month for 3 months, and reduction to pay grade E–1.

In his single assignment of error, appellant contends that his plea of guilty was improvident because there has not been an adequate showing that sworn charges were received within two years of the inception of the offense and the military judge failed to advise him of his right to plead the statute of limitations in bar of trial and sentence. Article 43(c), UCMJ, 10 U.S.C. § 843(c); *United States v. Arsneault*, 6 M.J. 182 (C.M.A.1979); *United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957). We find merit in appellant's contention.

The charge sheet used at trial is a "hybrid." In the upper right corner of page one, the charge sheet is dated 27 June 1980 and indicates the accuser, Gunnery Sergeant [H], signed the sworn charges on 30 June 1980. A charge and specification are not entered on page 2 of this charge sheet, and no entry is made in the space on page 3 intended to show receipt of sworn charges by the officer exercising summary court-martial jurisdiction. Attached to the charge sheet, however, is a locally reproduced single sheet insert, consisting of a page 2 and page 3 of a DD 458, containing an amended charge and specification, Lance Corporal [K] as a sworn accuser on 6 July 1979, and indicating receipt of this charge the same 6 July.

Appellate Government counsel argues that there exists but one charge sheet and that it establishes that sworn charges were received within the period of the statute of limitations. He argues further that what we have in this case is an unnecessary second preferral on 30 June 1980 when the charge and specification were amended to insert the date of termination of the alleged unauthorized absence and to change the allegation from one of desertion to that of unauthorized absence. Appellate Government counsel directs our attention to *United States v. Brown*, 1 M.J. 1151 (N.C.M.R. 1977), in which we found a sufficient showing of a tolling of the statute of limitations when the original charge sheet was used at trial but an additional page 3 was attached showing an unnecessary second preferral of charges after the statute of limitations had run.

The instant case is quite similar to *United States v. Brown, supra*; however, several significant differences appear. In the present case, the original charge sheet was not used; rather a new charge sheet, prepared after the period of the statute of limitations, was used at trial, and the evidence of an apparent tolling of the statute is merely attached to this charge sheet. For this reason, the instant case could be considered to be closer factually to *United States v. Arsneault* and *United States v. Rodgers*, both *supra*, in which a new charge was used at trial but an earlier charge sheet, prepared within the period of limitations, was presented to the military judge (law officer) and included in the record of trial. The Court of Military Appeals found this latter procedure to be defective and to require the military judge (law officer) to advise the accused of his right to plead the statute of limitations in bar of trial and sentence. *See* paragraphs 68*c* and 215*d*, *Manual for Courts-Martial, 1969, (Rev.) (MCM)*.

An even more fundamental defect, however, exists with respect to the charge sheet in this case. The specification contains a number of amendments, one of which changes the alleged commencement of the unauthorized absence to 27 May 1978. It appears that the specification had originally alleged commencement of the unauthorized absence on 27 May 1979. This amendment is initialed "SDH", which we assume are the initials of Gunnery Sergeant [H] who acted as the accuser in June 1980. We do not know when this change to the specification was made; however, we again assume it was made after the original charge and specification were received on 6 July 1979. This particular amendment constitutes a major change, resulting in a new

and more serious offense and requiring that the charges be resworn. Paragraph 33*d*, MCM.

■ This new and more serious offense was apparently resworn on 30 June 1980. This was not, however, within the two-year statute of limitation period for an unauthorized absence commencing on 27 May 1978. Under these circumstances, it was necessary that the military judge advise the accused of his right to plead the statute of limitations in bar of trial and sentence. *See* paragraphs 68*c* and 215*d*, MCM.

Accordingly, the findings of guilty and the sentence are set aside. In view of the fact that the Government has not been given the opportunity to show, if possible, whether the statute of limitations has been tolled under the provisions of Article 43(d), UCMJ, 10 U.S.C. § 843(d) the record of trial is returned to the Judge Advocate General for reference to the convening authority. In his discretion, the convening authority may order a rehearing to allow the Government an opportunity to establish that the statute has been so tolled, or, if this is impractical or there is no basis for such rehearing, the convening authority may dismiss the charge. *See United States v. Rodgers, supra* at 231, 24 C.M.R. at 41.

GLADIS, Judge (concurring in the result):

I concur in the result reached by Senior Judge Gregory in this case. When the charge sheet on which an accused is tried shows on its face that the statute of limitations has run against the offense charged there and there is no indication that the accused is aware of his right to plead the statute of limitations in bar of trial, the military judge must advise the accused of his right to plead the statute. *United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957). This is true even though there is another charge sheet showing that the statute was tolled by the receipt of sworn charges before it had run.[1] *Id.;*

*United States v. Arsneault*, 6 M.J. 182 (C.M.A.1979).

I agree with the Government that the hybrid charge sheet upon which the accused was tried in this case constitutes but one charge sheet. *United States v. Brown*, 1 M.J. 1151 (N.C.M.R.1977). This charge sheet shows, however, that the statute of limitations had run against the offense upon which the accused was tried, an unauthorized absence commencing on 27 May 1978. This charge was not received by the officer exercising summary court-martial jurisdiction until 11 July 1980, the date it was referred to a special court-martial. The statute of limitations was not tolled against this charge by receipt on 6 July 1979 of another charge alleging an unauthorized absence commencing on 27 May 1979. Therefore, the military judge was required to advise the accused of his right to plead the statute of limitations. His failure to do so is reversible error.

DONOVAN, Judge (concurring in part/dissenting in part):

I concur in the result solely because the single charge sheet was amended to show an inception date one year earlier than alleged when the offense was sworn; the result was to violate the requirement that "[i]f a change involves the inclusion of any . . . matter not fairly included in the charges as preferred, new charges, consolidating all offenses which are to be charged, should be signed and sworn to by an accuser". Paragraph 33*d, Manual for Courts-Martial, 1969 (Rev.)* (MCM). Inasmuch as the reswearing on 30 June 1980 was more than two years after the amended inception date, the result reached above follows.

I disagree that *United States v. Arsneault*, 6 M.J. 182 (C.M.A.1979), controls since that case involved a "new, rather than an amended, charge sheet". *Id.* at 183. Furthermore, *United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957), looked to a different set of facts than we face. The *Rodgers* record contained *two* charge

[1]. In his dissenting opinion in *United States v. Rodgers, supra*, Judge Latimer characterized this rule as a classic example of elevating form over substance. If the issue arises in a proper case, I urge the Court of Military Appeals to reconsider its *Rodgers* and *Arsneault* decisions.

sheets, one which tolled the statute of limitations and another on which trial proceeded. The Court of Military Appeals observed that the latter was "the only charge sheet before the law officer and the court . . . we do not presume that the accused waived a substantial right which the record fails to show he even knew of". *Id.* at 38. The reason Rodgers had a right to raise the statute, however, was only because additional charges were added to the original, thus triggering paragraph 33*d*, MCM. Appellant not only faced no additional charges but had notice of the initial preferral and receipt date. Accordingly, *Rodgers* and *Arsneault* apply only to redirect us to paragraph 33*d*, MCM. But for the pen change of one year impact, Article 43(c), Uniform Code of Military Justice, and paragraph 68*c*, MCM, would have been satisfied. *Accord, United States v. Brown*, 1 M.J. 1151 (N.C.M. R.1977).

Our case is closer to *Brown* than the opinion states, as I disagree that "a new charge sheet . . . was used at trial." Although a new page 3 was used for the convening authority's referral, that page, as well as page 1, is inchoate without the offense page—and we have only one offense page (page 2 of DD 458) taped between the pages 1 and (blank) page 2 used and the new pages 3 and 4 used at trial.