LT Robert Casey, JAGC, USNR-R, Appellate Government Counsel.

**UNITED STATES**

v.

**Timothy R. JACKSON, 546 13 2149, Engineman Third Class (E-4), U.S. Navy.**

**NMCM 82 4431.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 July 1982.

Decided 9 March 1983.

Before ABERNATHY, Senior Judge, and BARR and MALONE, JJ.

PER CURIAM:

The issue before this court is whether the military judge erred when he denied a motion to dismiss the charge and its single specification as having been barred from prosecution by a previous trial due to the running of the statute of limitations, thereby invoking the doctrine of *res judicata*. Appellant had been arraigned and pleaded guilty on 20 May 1982 to an offense of unauthorized absence alleged to have commenced on 22 February 1980, in violation of Article 86, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 886. Before proceeding through the providence inquiry, however, the military judge properly noted the existence of a potential bar to that trial based upon an apparent failure to have tolled the statute of limitations. *See United States v. Rodgers*, 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957). The charge sheet (hereinafter the Newport charge sheet) at the 20 May trial indicated that its sworn charge was received by the convening authority on 10 May 1982, not in sufficient time to have tolled the running of the statute of limitations. *See* Article 43(c), UCMJ, 10 U.S.C. § 843(c). Responding to the defense counsel's appropriate, albeit belated, motion to dismiss the charge and its specification, the Government conceded that on the face of the charge sheet, trial of the case was barred. The trial counsel was given the opportunity to present other evidence to refute the tolling of the statute, but offered none. Accordingly, the motion to dismiss was granted.

Subsequently, a charge of unauthorized absence identical to the preceding charge was referred to another special court-martial, tried on 19 July 1982, which is currently on review by this court. The charge sheet that was the basis for this second trial reflects the effective tolling of the statute of limitations on 6 November 1981, the date when sworn charges were received by the Head, Deserter Branch, Naval Military Personnel Command, Washington, D.C. (hereinafter the NMPC charge sheet). Trial defense counsel moved at this second trial to dismiss the charge and its specification for the reasons cited above. Having received the previous record of trial in evidence on this issue, the military judge denied the motion.

It is beyond cavil that had appellant been brought to trial in the first instance on the NMPC charge sheet, there would be no basis for the defense motion. We are now asked to decide, in effect, whether the Government shall be precluded from accomplishing what it might properly have accomplished at the outset. Under the circumstances of this case, we do not believe the Government should be so precluded.

We shall first distinguish those three leading cases cited by appellant which have dealt with the question of the tolling of the statute of limitations by the receipt of sworn charges. In each of these cases, beginning with the seminal case of *United States v. Rodgers, supra,* there existed a charge sheet which had been received in a timely fashion, thereby tolling the statute of limitations for the particular charge in question. Yet, unlike the instant case, each proceeded to trial on the basis of a charge sheet that had not been timely received, and then resulted in a conviction of each defendant *after* the receipt of evidence on the merits of the guilt or innocence of the respective defendants. *See also United States v. Arsenault,* 6 M.J. 182 (C.M.A. 1979); *United States v. French,* 9 U.S.C. M.A. 57, 25 C.M.R. 319 (1958).

▪ Appellant's conviction, however, is based upon the effective timely receipt of the NMPC charge sheet. When the Government first attempted to proceed to trial against appellant on the basis of the ineffective Newport charge sheet, that trial was properly barred by appellant's motion in avoidance of the trial. His motion in bar of trial was effective only for the Newport charge sheet, however, and did not amount to a defense relating to his guilt or innocence of the crime. Paragraph 214, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). *But cf. United States v. Froehlich,* No. 56 00999 (NBR 9 January 1957).

We reject appellate defense counsel's reliance on the case of *United States v. Oppenheimer,* 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916), wherein the Supreme Court decreed that the judgment of appellant's dismissal on the grounds of the running of the statute of limitations was a complete protection against a later trial of the same offenses based upon a later indictment. In *United States v. Barber,* 219 U.S. 72, 31 S.Ct. 209, 55 L.Ed. 99 (1911), the cornerstone of the *Oppenheimer* decision, the Supreme Court had been called upon to interpret a statute of limitations which it found to be a defense on the merits and not merely an abatement of the proceedings. Such an interpretation, however, is based upon a statutory scheme dissimilar to our own and is, therefore, not binding on this Court. Indeed, given the executive fiat of Paragraph 214, *MCM,* regarding motions in bar of trial which do not amount to a defense on the merits, we are obliged to rule that the motion to dismiss in this instance was not a defense on the merits, but merely a motion in bar of that trial. The statute of limitations is not a defense of the merits in this circumstance, although we do not preclude it from being so under other circumstances, such as when the date of the occurrence of the crime in question is, in fact, the real issue. But in this instance the statute simply does not go to the merits of the Government's charge.

▪ Appellant also claims that the protection of the doctrine of *res judicata* precludes his subsequent trial on the charge dismissed on 20 May 1982. The issue before the earlier court, however, was whether that court could try appellant for the charge of unauthorized absence at a court-

martial referred to trial with the Newport charge sheet, which the military judge ruled not to have successfully tolled the statute of limitations. The second trial, based as it was upon the NMPC charge sheet, was not similarly barred since the statute had been successfully tolled by the preferral and receipt of sworn charges in a timely fashion. Entirely different issues were before the second court with defense counsel's motion to dismiss. The doctrine of *res judicata,* therefore, was inapplicable. Paragraph 71*b,* MCM. *See United States v. Saulter,* 5 M.J. 281 (C.M.A.1978).

Government appellate counsel argues that, notwithstanding this resolution of the issue, appellant has waived with his pleas of guilty his right to review by this Court of the military judge's denial of appellant's motion to dismiss. No waiver issue is presented by this situation, however. The motion litigated at the second trial dealt with the effect of the dismissal of the charge referred for trial with the Newport charge sheet. Appellant's pleas were made to the NMPC charge, as to which there was nothing to waive.

Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.