UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SULLIVAN, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Lieutenant Colonel NORMAN R. BREHM
 United States Army, Appellant

 ARMY 20070688

 Headquarters, United States Army Armor Center and Fort Knox
 Richard Anderson, Military Judge
 Colonel Lisa Anderson-Lloyd, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Bradley M. Voorhees, JA; Captain Melissa E. Goforth-
Koenig, JA (on petition). Major Teresa L. Raymond, JA; Captain Melissa E.
Goforth-Koenig, JA (on brief).

For Appellee: Colonel Denise R. Lind, JA; Captain Philip M. Staten, JA;
Captain Stephanie R. Cooper, JA (on answer to petition). Lieutenant
Colonel Francis C. Kiley, JA (on brief).

 13 May 2009

 --------------------------------------------------
 SUMMARY DISPOSITION ON REMAND
 --------------------------------------------------

Per Curiam:

 This case was originally submitted to this court for review under
Article 66, Uniform Code of Military Justice, 10 U.S.C. §866 [hereinafter
UCMJ] on its merits with appellant, pursuant to United States v. Grostefon,
12 M.J. 431 (C.M.A. 1982), asserting ineffective assistance of counsel. We
summarily affirmed the findings and the sentence. United States v. Brehm,
ARMY 20070688 (Army. Ct. Crim. App.
24 Jun 2008) (unpub.). On 14 January 2009, our superior court granted
appellant’s petition for grant of review and returned the case to this
court for further appellate inquiry. United States v. Brehm, No. 20070688
(C.A.A.F. 14 Jan. 2009) (order) (unpub.).(
 Appellant pled guilty, inter alia, to indecent liberties with a child
during calendar year 1999 (Specification 1 of Charge I); the charge sheet,
however, was not forwarded until October 17, 2006. Appellant entered his
pleas after our opinion in United States v. Lopez de Victoria, in which we
held the statute of limitations at Article 43, UCMJ, was extended in 2003
and acted to extend offenses for which the statute of limitations had not
yet expired in 2003, as is appellant’s case. Id., 65 M.J. 521 (Army Ct.
Crim. App. 2007). Based on our opinion, appellant was advised by his trial
defense counsel there was no statute of limitations defense available and,
accordingly, nothing for appellant to waive by his guilty plea. Although
the military judge conducted an extensive colloquy with appellant and trial
defense counsel on appellant’s waiver of any hypothetical ruling by the
Court of Appeals for the Armed Forces (CAAF) contrary to that of the Army
court, the various affidavits presented to this court demonstrate ongoing
confusion over the effect of appellant’s “waiver.”

 We would have less concern with a bargained-for waiver of a
hypothetical future defense in exchange for a pretrial agreement with the
convening authority, in which presumably the terms would be clear. See
United States v. Troxell, 12 U.S.C.M.A. 6, 30 C.M.R. 6 (C.M.A. 1960);
United States v. Wesley, 19 M.J. 534 (N.C.M.R. 1984); United States v.
Clemens, 4 M.J. 791 (N.C.M.R. 1978), pet. denied, 5 M.J. 207
(C.M.A. 1978) (waiver of statute of limitations in pretrial agreement is
not contrary to public policy). That, however, is not the case here:
appellant’s pretrial agreement contained no provision for waiver of statute
of limitations if the CAAF were to reverse our opinion, as it did, and rule
the statute of limitations was not retroactively extended in 2003. See
United States v. Lopez de Victoria, 66 M.J. 67 (C.A.A.F. 2008). The
military judge exceeded his authority by essentially adding a term, i.e.,
waiver of a potential statute of limitations defense, to appellant’s
pretrial agreement with the convening authority. See generally United
States v. Partin, 7 M.J. 409, 412 (C.M.A. 1979) (A military judge’s
“authority cannot be said to extend to the addition by implication of terms
not embraced in the express wording of the [pretrial] agreement. . . .”).
 Since appellant now has a defense of statute of limitations
which he will presumably raise as a bar to further prosecution on the
affected offense, in the interest of judicial economy we set aside the
findings of guilty to and dismiss Specification 1 of Charge I and Charge I
and set aside the sentence. The remaining findings of guilty are affirmed.
 We cannot be reasonably certain what sentence might have been adjudged and
approved for the remaining offense. See United States v. Sales, 22 M.J.
305 (C.M.A. 1986); see also United States v. Moffeit, 63 M.J. 40, 43
(C.A.A.F. 2006) (Baker, J., concurring) (“the penalty landscape” has
changed). Accordingly, the sentence is set aside. The record of trial is
returned to the Judge Advocate General for submission to the same or a
different convening authority for a sentence rehearing on the remaining
findings of guilty.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

( Petition was granted on an assigned issue and a specified issue:

(continued. . .)
(. . . continued)
 WHETHER IN LIGHT OF THE COURT’S RECENT RULING IN UNITED STATES V.
 LOPEZ DE VICTORIA, 66 M.J. 67 (C.A.A.F. 2008) SPECIFICATION 1 OF
 CHARGE I, INDECENT LIBERTIES WITH A CHILD, SHOULD BE
 DISMISSED AS BEING TIME BARRED UNDER THE STATUTE OF LIMITATIONS;

 WHETHER THE TRIAL DEFENSE COUNSEL PROVIDED EFFECTIVE ASSISTANCE OF
 COUNSEL AS TO THE ISSUE OF WAIVER OF THE STATUTE OF LIMITATIONS
 REGARDING SPECIFICATION 1 OF CHARGE I, INDECENT LIBERTIES WITH A
 CHILD.